Eve-Lynn Gisonni (EG-0758)
Gisonni & Harms, LLP
20 Crossways Park North - Ste. 412
Woodbury, New York 11797
(516) 921-7773

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| MITCHELL BENESOWITZ, | : | 04 CV 0805 (TCP)(JO) |
| Plaintiff, | : | |
| - vs. - | : | |
| METROPOLITAN LIFE INSURANCE COMPANY, PLAN ADMINISTRATOR of HONEYWELL LONG TERM DISABILITY INCOME PLAN and HONEYWELL LONG TERM DISABILITY INCOME PLAN | : | |
| Defendants. | : | |

---

## PLAINTIFF MITCHELL BENESOWITZ'
## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

GISONNI & HARMS, LLP
20 Crossways Park North - Suite 412
Woodbury, New York 11797
(516) 921-7773

Attorneys for Plaintiff
Mitchell Benesowitz

Of Counsel:
Eve-Lynn Gisonni

# TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT**

**AND STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**SUMMARY JUDGMENT PRINCIPLES/BURDEN OF PROOF** . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

**POINT I**
**METLIFE'S PLAN LANGUAGE VIOLATES THE**
**MANDATE OF NEW YORK INSURANCE LAW §3234** . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    **The plain meaning of the Insurance Law statute**
           **and regulation supports Plaintiff's interpretation.** . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    **The New York State Insurance Department Agrees**
           **With Plaintiff's Reading of Insurance Law §3234.** . . . . . . . . . . . . . . . . . . . . . . 7

**POINT II**
**PLAINTIFF IS ENTITLED TO ATTORNEYS'**
**FEES AND PREJUDGMENT INTEREST** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## PRELIMINARY STATEMENT AND STATEMENT OF FACTS

Plaintiff refers to and incorporates by reference herein his accompanying Rule 56.1 Statement, and the following Exhibits:

A. Joint Pre-Trial Order;

B. Administrative Record identified as ML 1 - 441; and

C. Complaint and Answer.

## SUMMARY JUDGMENT PRINCIPLES/BURDEN OF PROOF

Federal Rule of Civil Procedure 56( c) entitles a party to summary judgment when no genuine issue of material fact exists. The court is authorized to grant summary judgment in the moving party's favor when the uncontroverted facts merit judgment as a matter of law. Fed. R. Civ. P. 56 ( c); Celotex Corp. v. Catrett, 77 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The moving party is charged with the burden of showing the absence of a material fact. Id. at 322. It is not until the movant's burden is met that the burden shifts to the opponent to submit evidence that a factual dispute exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 250 (1986). The defending party "must do more than simply show that there is some metaphysical doubt as to the material facts ..." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002).

Defendants bear the burden of proof here because it claims that Mr. Benesowitz is not entitled to coverage due to a policy exclusion. See M.H. Lippiner & Sons Inc. v. The Hanover Ins Co., 869 F.2d 685, 687 (2d Cir. 1989); Landpen Co. v. The Maryland Casualty Co., 2005 U.S. Dist. LEXIS 2145, *15 (S.D.N.Y. 2005).

## ARGUMENT

**POINT I**

**METLIFE'S PLAN LANGUAGE VIOLATES THE
MANDATE OF NEW YORK INSURANCE LAW §3234**

The MetLife long term disability plan ("Plan") is required to include statutorily-mandated language relating to pre-existing conditions or language that is more favorable, or as favorable, as that set forth under Insurance Law §3234. The required language requires insureds with pre-existing conditions to wait a maximum of twelve months before receiving long term disability benefits. The MetLife Plan contains pre-existing condition language which serves as a bar to coverage for Plaintiff Mitchell Benesowitz due to a pre-existing condition. Had MetLife included the appropriate language in the Plan, Mr. Benesowitz would have been required to wait only twelve months before he could receive long term disability benefits. MetLife's failure to apply the statutorily mandated language has erroneously deprived him of long term disability benefits altogether. The appropriate remedy under these circumstances is for this Court to reform the contract to include the required language and render judgment in Mr. Benesowitz' favor.

**A.　The plain meaning of the Insurance Law statute
　　and regulation supports Plaintiff's interpretation.**

New York Insurance Law §3234 provides, in pertinent part:

> (a) Every group or blanket policy issued or issued for delivery in this state which provides benefits by reason of the disability of the insured which includes a pre-existing condition provision shall contain in substance the following provision or provisions which in the opinion of the superintendent are more favorable to the members of the group:

3

> > \* \* \*
>
> > (2) No pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person.
>
> A companion provision of the New York Codes, Rules and Regulations, 11 NYCRR 52.18 (a)(5), states:
>
> > Policies which provide benefits as described in 42 U.S.C. 300gg-91(c)[disability income insurance], except for policies defined in sections 52.11[medicare], 52.12[long term care], 52.13[nursing home], 52.14[medicare] of this Part and policies subject to the requirements of section 52.20 [hospital, surgical and medical] of this Part, <u>may not exclude, limit or reduce coverage for a loss due to a preexisting condition for a period greater than 12 months following the effective date of an insured's coverage.</u>
>
> > \* \* \*
>
> > For the purposes of this paragraph, a preexisting condition is one for which medical advice was given, treatment was recommended by or received from a physician, within six months before the effective date of an insured's coverage.
>
> [Emphasis added.]

Mr. Benesowitz enrolled in the Plan on April 1, 2002. The Plan provides that he would be considered an eligible employee under the Plan as of April 1, 2002. Mr. Benesowitz ceased active

work due to disability on October 10, 2002. Thus, on the date of his disability, Mr. Benesowitz was eligible to make claim for benefits under the Plan. Under the plain meaning of the Insurance Law required language, Mr. Benesowitz would have been eligible to receive long term disability benefits for a pre-existing condition commencing no later than April 1, 2003, which reflects a twelve month waiting period from the effective date of his coverage.

In stark contradiction to the New York Insurance Law §3234 language, the MetLife Plan provides, in pertinent part:

> **Limitation for Pre-existing Conditions**
>
> You may be Disabled due to a Pre-existing Condition. No benefits are payable under This Plan in connection with that Disability unless your Elimination Period starts after you have been an Active Employee under This Plan for 12 consecutive months.
>
> A Pre-existing Condition[1] is an injury, sickness, or pregnancy for which you in the 3 months before your Effective Date:
>
> 1. Received medical treatment, consultation, care, or services;
> 2. Took prescription medications or had medications prescribed; or
> 3. Had symptoms or conditions which would cause a reasonable prudent person to seek diagnosis, care, or treatment.

Under the MetLife Plan, the elimination period is six months of continuous disability. Under the pre-existing condition limitation language in the MetLife Plan, in order to be eligible to receive benefits for a long term disability claim due to a pre-existing condition, Mr. Benesowitz' disability

---

[1] For purposes of the summary judgment motion, Mr. Benesowitz concedes that he has a pre-existing condition as that term is defined in the Plan.

5

was required to commence on or after April 1, 2003. Because Mr. Benesowitz' disability commenced October 10, 2002, MetLife determined that he did not satisfy the requirement under the wording of the MetLife Plan.

MetLife's interpretation imposes a condition upon receipt of benefits by an insured with a pre-existing condition which the Insurance Law does not require. Specifically, MetLife requires an employee under the Plan to be both <u>employed</u> and <u>covered</u> for a total of twelve months before their claims will be covered. To the contrary, the New York State legislature plainly identified in the statute and regulation that an employee need only wait a total of twelve months before their claims will be covered (coverage for loss), regardless of how long they have been employed by the employer. In fact, there is no mention in the statute of any requirement to be employed for the employer for any minimum amount of time before being eligible for benefits.

When interpreting a statute, the New York State Court of Appeals relies on the plain language of the statute, which is the best evidence of the New York State Legislature's intent. <u>Polan v. State of New York Insurance Department</u>, 3 N.Y.3d 54, 58 (2004).

The MetLife Plan language as set forth above differs from the mandated language and is not more favorable to an insured because it excludes coverage for Mr. Benesowitz for longer than twelve months after his effective date of coverage. As such, the Plan must be reformed to extract the illegal pre-existing condition clause, thereby affording Mr. Benesowitz benefits from the date of his disability, October 10, 2002, to the present date and continuing.

### B. The New York State Insurance Department Agrees With Plaintiff's Reading of Insurance Law §3234

On July 30, 2003, Counsel for the New York State Insurance Department opined that under Insurance Law §3234, an individual would have to wait up to twelve months before a pre-existing condition would be covered and that the provision does not serve as a bar to coverage. [Exhibit "B," ML 0108.] As such, even counsel for the Insurance Department agrees with Plaintiff's interpretation of the statute.

The Second Circuit Court of Appeals viewed the opinion of the Superintendent of Insurance on this issue as noteworthy in the case Pulvers v. First UNUM Life Insurance Company, 210 F.3d 89 (2d Cir. 2000)(The Court stated that should the issue be presented to the Court, "the panel may want to solicit an amicus brief from the New York Superintendent of Insurance.") In Pulvers, the Court of Appeals identified a very similar issue presented in these moving papers relating to the meaning of the Insurance Law statute, but declined to render its opinion on the matter. Id.

As such, this Court should reform the Plan to toll Mr. Benesowitz' claim for benefits by a total of twelve months.

## POINT II

## PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND PREJUDGMENT INTEREST

This Court should award Mr. Benesowitz attorneys' fees and costs in connection with this action. ERISA confers discretionary authority upon this Court to issue such awards. 29 U.S.C. §1132(g)(1). The Second Circuit Court of Appeals considers several factors in awarding attorneys' fees and costs to the prevailing party, which include:

> (1) The degree of the offending parties' culpability or bad faith; (2) the ability of the offending party to satisfy an award

> of attorneys' fees; (3) whether an award of fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of pension plan participants.

Jones v. UNUM Life Insurance Company of America, 2000 U.S. App. LEXIS 259, 278 (2d Cir. 2000)(quoting Chambless v. Masters, Mates & Pilots Pension Plan, 815 F. 2d 869, 871 (2d Cir. 1987), *cert. denied*, 496 U.S. 905, 110 S.Ct. 2587 (1990). Plaintiff need not demonstrate Defendant's bad faith to prevail on the first factor. Algie v. RCA Global Communication, Inc., et al., 891 F. Supp. 875, 891 (S.D.N.Y. 1994).

Applying the foregoing factors to the facts at bar, the disparity between the plain meaning of the statute and the language chosen by MetLife to include in the Plan shows a level of bad faith policy underwriting. Next, Defendants cannot deny, and we request that this Court take judicial notice, that MetLife is a successful insurance company with the ability to pay Mr. Benesowitz' attorneys' fees. Award of attorneys' fees here would send a strong signal to, and deter, MetLife from manipulating the statutory requisites of the Insurance Law which were put in place to protect vulnerable insureds. As to the fourth factor above, Mr. Benesowitz' position is fully supported by New York State Court of Appeals precedent concerning interpretation of statutes. To the contrary, MetLife's position is premised on an strained interpretation of New York Insurance law and it appears to have angled its policy language in an effort to preserve its bottom line. Finally, if the Court agrees with Mr. Benesowitz' reading of the relevant statute, such a decision would confer a common benefit on all past and future claimants for disability income benefits under group policies with similar language.

Therefore, we respectfully request that this Court order Defendants to pay Plaintiff's reasonable attorneys' fees. Plaintiff requests leave to submit additional information detailing his attorneys' fees.

Likewise, this Court has discretion to award pre-judgment interest, from April 1, 2003 to the present time. Factors to consider when making such an award include "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, and (iii) the remedial purpose of the statute involved and/or (iv) such other general principles as are deemed relevant by the court." Jones v. UNUM Life Insurance Company of America, 2000 U.S. App. LEXIS 259, 279 (2d Cir. 2000), *quoting* SEC v. First Jersey Securities, Inc., 101 F. 3d 1450, 1476 (2d Cir. 1996), *cert. denied*, 118 S.Ct. 57 (1997).

For the reasons set forth above, Plaintiff respectfully requests that this Court order MetLife to pre-judgment interest at a rate to be fixed by the Court, from April 1, 2003 to the date of judgment.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Mitchell Benesowitz requests that this Court grant his motion for summary judgment, and order Defendants to pay Mr. Benesowitz all benefit arrears, attorneys' fees, costs, disbursements and pre-judgment interest.

Dated: Woodbury, New York
April 13, 2005

GISONNI & HARMS, LLP

/s/ Eve-Lynn Gisonni
By: Eve-Lynn Gisonni (EG-0758)
20 Crossways Park North, Suite 412
Woodbury, New York 11797
(516) 921-7773

Attorneys for Plaintiff
Mitchell Benesowitz

**CERTIFICATE OF SERVICE**

Eve-Lynn Gisonni hereby certifies that on April 13, 2005, Plaintiff's Notice of Motion, Memorandum of Law in Support of Motion for Summary Judgment, Rule 56.1 Statement and Exhibits were forwarded by overnight express mail to:

> Allan M. Marcus, Esq.
> Lester Schwab Katz & Dwyer, LLP
> 120 Broadway
> New York, NY 10271

/s/ Eve-Lynn Gisonni
Eve-Lynn Gisonni (EG-0758)
