LSK&D #: 564-4005 / 691935
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MITCHELL BENESOWITZ,

                                     Plaintiff,

       -against-

METROPOLITAN LIFE INSURANCE
COMPANY, PLAN ADMINISTRATOR of
HONEYWELL LONG TERM DISABILITY
INCOME PLAN and HONEYWELL LONG
TERM DISABILITY INCOME PLAN,

                                       Defendants.
-----------------------------------------------------------------x

**No. 04-CV-0805 (TCP)(JO)**

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

OF COUNSEL:
    ALLAN M. MARCUS

# TABLE OF CONTENTS

                                                           Page

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT .......................................................................................................................2

POINT ONE .........................................................................................................................2

    The Policy Is Governed By Delaware Law ..................................................................2

POINT TWO ........................................................................................................................3

    The Plan Fully Comports With New York Law ...........................................................3

POINT THREE ....................................................................................................................4

    Plaintiff's Interpretation Is Illogical And Unworkable .................................................4

POINT FOUR ......................................................................................................................6

    Plaintiff's Interpretation Of § 3234 Is Unsupported By Case Law Or Other Authority ....................................................................................................6

POINT FIVE ........................................................................................................................9

    Plaintiff Is Not Entitled To Attorney's Fees If He Prevails ..........................................9

CONCLUSION ....................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

Cases

*Christensen v. Harris County*, 529 U.S. 576 (2000) ............................................................. 7

*Glusband v. Fittin Cunningham & Lauzon, Inc.*, 892 F.2d 208 (2d Cir. 1989) .................... 6

*Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89 (2d Cir. 2000) ................................ 6, 7, 8

*Sloman v. First Fortis Life Ins. Co.*, 266 A.D. 370, 698 N.Y.S.2d 295 (2d Dept. 1999) .... 7

*Swenson v. Colonial Life Ins. Co.*, No. 91 CIV 5793, 1993 WL 378470, at *4 (S.D.N.Y. Sept. 22, 1993) ............................................................. 6

*Trikas v. Universal Card Services Corp.*, 351 F. Supp. 2d 37 (E.D.N.Y. 2005) ................. 7

Statutes

N.Y. Ins. Law § 3234 ............................................................................................. 1, 2, 3, 4, 5, 6

ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) ........................................................................ 8

Regulations

11 NYCRR 52.18(a)(5) ............................................................................................................ 4

LSK&D #: 564-4005 / 691935
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MITCHELL BENESOWITZ,

              No. 04-CV-0805
         Plaintiff,  (TCP)(JO)

   -against-

METROPOLITAN LIFE INSURANCE
COMPANY, PLAN ADMINISTRATOR of
HONEYWELL LONG TERM DISABILITY
INCOME PLAN and HONEYWELL LONG
TERM DISABILITY INCOME PLAN,

         Defendants.
------------------------------------------------------------------x

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

  Defendants Metropolitan Life Insurance Company ("MetLife"), Plan Administrator of Honeywell Long Term Disability Income Plan, and Honeywell Long Term Disability Income Plan (the "Plan"), respectfully submit their Memorandum of Law in opposition to plaintiff Mitchell Benesowitz's ("Benesowitz") motion for summary judgment.

### PRELIMINARY STATEMENT

  As defendants have already discussed in their Memorandum of Law supporting their Motion for Summary Judgment ("Def. Mem."), Benesowitz seeks, without the support of any caselaw or other authority, to subvert the plain terms of the Plan and MetLife's group insurance policy (the "Policy") concerning pre-existing conditions. Benesowitz's argument that the Plan's pre-existing condition provision conflicts with the New York Insurance Law § 3234(a) fails in several respects: (i) the Policy is governed

1

by Delaware, not New York, law; (ii) even if New York law applies, the Policy fully comports with § 3234(a); (iii) MetLife's policy form containing the pre-existing condition provision at issue was approved by the New York State Insurance Department; (iv) MetLife's interpretation of the Plan's pre-existing condition provision is the only reasonable, logical and workable interpretation; (v) the Plan language at issue has been enforced by the Second Circuit and the New York Appellate Division; and (vi) an informal e-mail opinion from an unnamed person at the New York Insurance Department does not support Benesowitz's position and, even if it did, carries no probative weight.

Therefore, because MetLife's interpretation and application of the Honeywell Plan's pre-existing condition provision was reasonable, especially in light of the fact that Benesowitz concedes that he had a pre-existing condition[1], its claim denial should be upheld by the Court under the applicable arbitrary and capricious standard of review.

## ARGUMENT

## POINT ONE

### The Policy Is Governed By Delaware Law

Benesowitz erroneously claims that MetLife's Policy, which funds long-term disability ("LTD") benefits provided by the Honeywell Plan, violates New York Insurance Law § 3234(a). That statute explicitly applies only to group disability policies "issued or issued for delivery in this state…" N.Y. Ins. Law § 3234(a) This ends the inquiry

---

[1] See Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Pl. Mem.") at 5, fn. 1.

because the Policy states that it was "issued for delivery in and governed by the laws of Delaware." (See Affidavit of Laura Sullivan ("Sullivan Aff."), submitted in support of defendants' motion for summary judgment, ¶ 3, Ex. A, ML 298;[2] see also Def. Mem. at 5, 15.) Thus, New York law does not apply to the Policy.

**POINT TWO**

**The Plan Fully Comports With New York Law**

Even if New York law applies, the Plan fully comports with § 3234. The statute states, in pertinent part:

> No pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person.

N.Y. Ins. Law § 3234(a)(2). The Policy states, in pertinent part,

> You may be Disabled due to a Pre-Existing Condition. No benefits are payable under the Plan in connection with that disability unless your Elimination Period starts after you have been an Active Employee under this Plan for 12 consecutive months.

(Sullivan Aff., Ex. A, ML 338) The Plan's Summary Plan Description ("SPD") similarly states:

> Benefits will not be paid for any period of Disability caused or contributed to by, or resulting from, a Pre-Existing Condition…This limitation will not apply to a period of disability that begins after you are covered for at least 12 months after the most recent effective date of your coverage.

(Affidavit of Michael F. O'Keefe ("O'Keefe Aff."), submitted in support of defendants' motion, Ex. A, ML 287)

---

[2] Reference to "ML ___" refer to the Bates-stamped numbered pages of the exhibit to the affidavits supporting Defendants' motion for summary judgment.

3

Contrary to Benesowitz's assertion (see Pl. Mem. at 5-6), there is no conflict between the Plan and Policy language and the statutory requirement. The statute requires that an exclusion for a pre-existing condition shall apply only during the covered person's first 12 months of coverage following his effective date of coverage. The Plan and Policy provisions provide for the same thing: No benefits are payable for a disability due to a pre-existing condition unless that disability begins after the person has been covered (i.e., been an Active Employee as defined by the Plan) for 12 months.[3]

That the Policy's pre-existing condition provision complies with the statutory requirement is supported by the fact that MetLife's policy form was approved by the New York State Insurance Department. (See Affidavit of Joseph Heerschap ("Heerschap Aff."), submitted in support of defendants' motion, ¶¶ 3-5, Ex. A, ML 406, 410; Def. Mem. at 6, 15.)

## POINT THREE

## Plaintiff's Interpretation Is Illogical And Unworkable

As pointed out in Defendants' Memorandum (at 13-14), Benesowitz's alternative interpretation of § 3234(a)(2) is not workable or logical. Benesowitz maintains that the 12-month period following the effective coverage date is only a "waiting period" which, once exceeded, permits a claimant with a disability due to a pre-existing condition to start receiving LTD benefits. For example, in Benesowitz's situation, his effective date

---

[3] The above analysis applies as well to the New York Codes, Rules and Regulations provision, 11 NYCRR 52.18(a)(5) (see Pl. Mem. at 4), which parallels the statutory language.

4

of coverage was April 1, 2002 (the date he began his employment at Honeywell). He stopped working after October 9, 2002 because of a claimed disability. Benesowitz concedes that his pre-existing condition rendered him ineligible to receive LTD benefits for the period March 16, 2003 (when the Elimination Period ended and LTD benefits eligibility would have begun) through March 31, 2003. (See Pl. Mem. at 5.) Under Benesowitz's theory, however, on April 1, 2003, when the 12-month period following his effective date of coverage expired, he should have been eligible to receive LTD benefits.

The fallacy underlying this interpretation is that, once Benesowitz ceased working after October 9, 2002, he was no longer an "active employee" eligible for coverage under the LTD Plan. When April 1, 2003 arrived, Benesowitz would have been without LTD coverage under the terms of the Plan and therefore unable to meet the 12-month coverage requirement under the pre-existing condition provision. (See Def. Mem. at 4, 13-14.) The statute itself states that its 12-month requirement applies with respect to "the covered person." N.Y. Ins. Law § 3234(a)(2) (Emphasis added.) There is nothing in the statute to suggest that the termination of coverage resulting from an employee's ceasing active work is in any way "cured" or "tolled," as Benesowitz unsuccessfully argues. (See Pl. Mem. at 6-7.) In sum, Benesowitz's theory doesn't fit the reality of how the Plan terms work in such circumstances.

Nor would the purpose behind the pre-existing condition provision -- to exclude poor risks for the benefit of the Plan's financial health -- be furthered by such an interpretation. It is absurd to think that the Plan's financial integrity would be protected when payment of disability benefits is merely "tolled" for a few weeks or months for

employees who enroll for coverage even though they have potentially disabling health conditions and soon after become disabled. As one court has observed: "A court 'cannot ignore the fact that insurance systems rely upon predictability of risk and that predictability will be seriously diminished or destroyed if courts refuse to abide by limitations on insurance policies.'" Swenson v. Colonial Life Ins. Co., No. 91 CIV 5793, 1993 WL 378470, at *4 (S.D.N.Y. Sept. 22, 1993), quoting Glusband v. Fittin Cunningham & Lauzon, Inc., 892 F.2d 208, 212 (2d Cir. 1989).

## POINT FOUR

### Plaintiff's Interpretation Of § 3234 Is Unsupported By Case Law Or Other Authority

Benesowitz cites no cases – nor can he – to support his interpretation of § 3234. In contrast, as pointed out in Defendants' Memorandum (at 15-16), the Second Circuit in Pulvers v. First UNUM Life Ins. Co., 210 F.3d 89 (2d Cir. 2000), interpreted § 3234 in the same way defendants do in the case at bar.

The Pulvers court held that the claims administrator's denial of disability benefits under a plan's pre-existing condition provision did not violate § 3234(a)(2), even though the claimant ceased working more than 12 months after the effective date of his coverage, where the disability actually began within the 12-month period. 210 F.3d at 94-95. The Second Circuit, in dicta, discussed whether § 3234(a)(2) might be alternatively interpreted to require payment of disability benefits after the expiration of the 12-month period even when the disability began within the 12-month period. The court remarked that the statute was ambiguous in this regard, and found that the statutory provision's legislative history did not resolve the perceived ambiguity. Id. at

95. The Second Circuit noted that a New York appellate court case had interpreted a group disability policy's similar pre-existing condition provision as barring (rather than merely tolling) coverage. Id., citing Sloman v. First Fortis Life Ins. Co., 266 A.D. 370, 371, 698 N.Y.S.2d 295, 296 (2d Dept. 1999). The Second Circuit declined to resolve "this important and complex issue" of New York insurance law. 210 F.3d at 95.

The holdings of both <u>Pulvers</u> and <u>Sloman</u> support defendants' position and offer no support at all to plaintiff's position. Indeed, plaintiff makes no attempt to distinguish the Second Circuit's holding in <u>Pulvers</u>. (<u>See</u> Pl. Mem. at 7.)

Finally, Benesowitz's reliance on an informal e-mail message from an unnamed person at the New York Insurance Department is totally misplaced. (<u>See</u> Pl. Mem. at 7.) First of all, the e-mail response to attorney Gisonni's query of whether the 12-month period in a pre-existing condition clause "acts as a waiting period…or as a bar to coverage altogether for the pre-existing disability," was in itself vague and ambiguous. The unnamed person replied:

> It's a 12-month waiting period. If you had no previous coverage, or had more than a 60-day gap in coverage, you would have to wait up to 12 months before a pre-existing condition would be covered.

(Sullivan Aff., Ex. B, ML 108) This response can readily be interpreted as supporting defendants' position that a person must be covered under the policy for 12 months before a disability due to a pre-existing condition would be covered.

In any case, such an informal, anonymous e-mail response should not be accorded any probative weight. Agency interpretations of ambiguous statutes contained in informal formats such as opinion letters are not given deference by the court. Rather they are "entitled to respect," but only to the extent that they are

7

persuasive. Christensen v. Harris County, 529 U.S. 576, 586-88 (2000). See also Trikas v. Universal Card Services Corp., 351 F. Supp. 2d 37, 43 (E.D.N.Y. 2005) (holding that informal staff opinion letters issued by Federal Trade Commission were not persuasive). In the instant case, the anonymous informal e-mail message does not even rise to the level of an opinion letter. Because it is ambiguous (e.g., it does not define "waiting period"), the e-mail message is not persuasive and not entitled to any probative weight. Indeed, such a vague, informal jotting is the slenderest of reeds upon which plaintiff seeks to build his interpretative edifice on such an "important and complex" issue of law.

Without far more convincing evidence than Benesowitz presents, the Court should be most reluctant to reform Policy language which has been approved by the New York Insurance Department and to overturn the standard statutory interpretation enforced by the Second Circuit in Pulvers.

## POINT FIVE

**Plaintiff Is Not Entitled To Attorney's Fees If He Prevails**

Even if he prevails, plaintiff is not entitled to discretionary attorney's fees under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). Of the five factors considered by courts in the Second Circuit in deciding whether to award attorney's fees (see Pl. Mem. at 7-8), only one--ability to pay--is satisfied with respect to defendants. As to the relative merits, defendants' position is meritorious in light of the clear Plan terms which were properly applied under the circumstances of this claim. Defendants' position is also supported by the Second Circuit's holding in Pulvers. Furthermore, MetLife cannot be accused of

bad faith when its Policy form containing the provisions at issue was approved by the New York Department of Insurance.

In view of plaintiff's total lack of support for his unmeritorious claim, defendants expressly reserve the right to request their attorneys' fees should the Court grant their summary judgment motion.

## **CONCLUSION**

For the reasons discussed above and in defendants' Memorandum of Law in Support of their Motion for Summary Judgment, the Court should deny plaintiff's motion for summary judgment and grant summary judgment in favor of defendants.

Dated:   New York, New York
         May 23, 2005

                                        Respectfully submitted,

                                        LESTER SCHWAB KATZ & DWYER, LLP

                                        By:_____/s/_____
                                            Allan M. Marcus (AM-9027)
                                            Attorneys for Defendants
                                            Metropolitan Life Insurance Company, Plan
                                            Administrator of Honeywell Long Term
                                            Disability Income Plan and Honeywell Long
                                            Term Disability Income Plan
                                            120 Broadway
                                            New York, New York  10271
                                            (212)  964-6611

TO:

Eve-Lynn Gisonni (EG-0758)
Gisonni & Harms, LLP
Attorneys for Plaintiff
20 Crossways Park North
Suite 412
Woodbury, New York 11797
(516) 921-7773

9