LSK&D #: 564-4005 / 697623
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MITCHELL BENESOWITZ,

                          Plaintiff,

        -against-

METROPOLITAN LIFE INSURANCE
COMPANY, PLAN ADMINISTRATOR OF
HONEYWELL LONG TERM DISABILITY
INCOME PLAN and HONEYWELL LONG
TERM DISABILITY INCOME PLAN,

                          Defendants.
-----------------------------------------------------------------x

**No. 04-CV-0805
(TCP)(JO)**

## **DEFENDANTS' REPLY MEMORANDUM OF LAW SUPPORTING THEIR MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:
      ALLAN M. MARCUS

**TABLE OF CONTENTS**

Page

**POINT ONE** ........................................................................................................... 1

    MetLife's Application Of The Plan's Pre-Existing Condition Provision Is Supported By Authority; Plaintiff's Interpretation Is Totally Unsupported ........................................................................... 1

**POINT TWO** ........................................................................................................... 4

    MetLife's Policy Fully Complies With New York Insurance Law Section 3234(a)(2) and 11 N.Y.C.R.R. § 52.18(5) ................................... 4

**POINT THREE** ....................................................................................................... 7

    Enforcement Of Plaintiff's Interpretation Of § 3234(a)(2) Would Lead To Absurd Results, Rendering The Pre-Existing Condition Provision Meaningless ................................................................. 7

**POINT FOUR** .......................................................................................................... 9

    The Plan Reserves Discretionary Authority To Its Claims Administrator MetLife; Therefore, The Arbitrary and Capricious Standard Applies ............................................................................... 9

**CONCLUSION** ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Allison v. Unum Life Ins. Co.*, CV 04-0025, 2005 U.S. Dist. LEXIS 3465
 (E.D.N.Y. Feb. 11, 2005) ................................................................................. 10

*Burke v. Kodak Retirement Income Plan*, 336 F.3d 103 (2d Cir. 2003) ............................ 10

*Dunn v. Standard Ins. Co.*, 156 F. Supp. 2d 277 (D. Conn. 2001) ....................................... 3

*Futamara v. Unum Life Ins. Co.*, 305 F. Supp. 2d 1181 (W.D. Wash 2004) ....................... 3

*Haley v. Paul Revere Life Ins. Co.*, 77 F.3d 84 (4th Cir. 1996) ............................................ 2

*Kennard v. Unum Life Ins. Co.*, 211 F. Supp. 2d 206 (D. Me. 2002) ................................... 3

*Knisley v. Advancia Corp. Disability Benefits Plan*, 363 F. Supp. 2d 1194
 (D. Alaska 2005) ............................................................................................... 3

*Masella v. Blue Cross & Blue Shield of Conn. Inc.*, 936 F.2d 98 (2d Cir. 1999) ............ 6,7

*Pulvers v. First Unum Life Ins. Co.*, 210 F.3d 89 (2d Cir 2000) ............................... 2, 4, 5, 6

*Terry v. Unum Life Ins. Co.*, 394 F.3d 108 (2d Cir. 2005) ................................................. 6,7

**Statutes and Regulations**

New York Ins. Law § 3217 ................................................................................................. 5

New York Ins. Law § 3234(a)(1) ........................................................................................ 8

New York Ins. Law § 3234(a)(2) ....................................................................................4,5,6

New York Ins. Law § 3232(b) ............................................................................................ 5

11 N.Y.C.R.R. § 52.18(5). ..............................................................................................4,5,6

564-4005 / 697623
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MITCHELL BENESOWITZ,

                              Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE
COMPANY, PLAN ADMINISTRATOR OF
HONEYWELL LONG TERM DISABILITY
INCOME PLAN and HONEYWELL LONG
TERM DISABILITY INCOME PLAN,

                              Defendants.
------------------------------------------------------------------x

No. 04-CV-0805
(TCP)(JO)

## DEFENDANTS' REPLY MEMORANDUM OF LAW SUPPORTING THEIR MOTION FOR SUMMARY JUDGMENT

Defendants Metropolitan Life Insurance Company ("MetLife"), Plan Administrator of Honeywell Long-Term Disability Income Plan and Honeywell Long-Term Disability Income Plan (the "Plan") respectfully submit their Reply Memorandum of Law in Support of their Motion for Summary Judgment.

### POINT ONE

**MetLife's Application Of The Plan's Pre-Existing Condition Provision Is Supported By Authority; Plaintiff's Interpretation Is Totally Unsupported**

Under plaintiff Mitchell Benesowitz's ("Benesowitz") fanciful interpretation of the Plan and New York insurance law, the Plan's pre-existing condition provision cannot be applied to exclude payment of LTD benefits, but only to delay such payment until 12 months has passed from a claimant's effective date

1

of coverage.  Not only is such an interpretation of New York insurance law erroneous (see Point Two below), and not only would such an interpretation render the Plan's pre-existing condition provision meaningless (see Point Three below), but Benesowitz can point to no authority which interprets the provision in the way he desires.

In contrast, defendants' position is supported by governing Second Circuit authority -- Pulvers v. First Unum Life Ins. Co., 210 F.3d 89 (2d Cir 2000) -- which held that an analogous pre-existing condition provision excluded payment of LTD benefits to a claimant who had a pre-existing condition and who became disabled due to that condition within 12 months after his effective coverage date. (See Def. Mem.[1] at 15-16.)  There is nothing to distinguish the holding in Pulvers from being applied to the even more straightforward and undisputed facts of this case.  Indeed, Benesowitz does not even attempt to do so.  (See Pl. Opp. Mem.[2] at 16.)

Plaintiff cites no case in any jurisdiction which supports his interpretation of the "standard" pre-existing condition provision in a disability benefits plan.  On the other hand, there are numerous cases which hold that analogous disability plan provisions completely bar payment of benefits if the elements of the pre-existing provision are satisfied.  See, e.g., Haley v. Paul Revere Life Ins. Co., 77 F.3d 84, 86, 89-90 (4th Cir. 1996) (upholding administrator's decision to exclude from coverage employee's disability where employee became disabled within the

---

[1] "Def. Mem." refers to Memorandum of Law Supporting Defendants' Motion for Summary Judgment.
[2] "Pl. Opp. Mem." refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

first 12 months of coverage and his disabling condition was the subject of a doctor's treatment within the three-month period before he became covered); Knisley v. Advancia Corp. Disability Benefits Plan, 363 F. Supp. 2d 1194, 1195, 1197 (D. Alaska 2005) (upholding denial of LTD benefits to employee who had pre-existing kidney condition and had not been insured under the plan for 12 months before becoming disabled); Futamara v. Unum Life Ins. Co., 305 F. Supp. 2d 1181, 1186-87, 1191 (W.D. Wash. 2004) (upholding as reasonable administrator's decision to deny LTD benefits to employee who had symptoms of lung cancer within 3 months prior to effective date of coverage and claimed disability due to cancer within 12-month "exclusionary period" after effective date of coverage); Kennard v. Unum Life Ins. Co., 211 F. Supp. 2d 206, 210 (D. Me. 2002) (holding that pre-existing condition exclusion in LTD policy barred plan participant from receiving benefits); Dunn v. Standard Ins. Co., 156 F. Supp. 2d 277, 228, 237 (D. Conn. 2001) (upholding administrator's denial of LTD benefits where plan's pre-existing condition exclusion applied to participant who had not been continuously insured under the policy for twelve months).

The Honeywell LTD Plan's pre-existing condition provision plainly bars coverage for a disability which commences within the 12-month period after the participant's effective date of coverage. (See Def. Mem. at 3-5.) Accordingly, because Benesowitz's claim clearly fell within the parameters of the pre-existing condition exclusion, MetLife's claim denial was proper and should be upheld by this Court under the binding authority of the holding in Pulvers and the persuasive authority of the holdings in numerous other analogous cases.

## POINT TWO

### MetLife's Policy Fully Complies With New York Insurance Law § 3234(a)(2) and 11 N.Y.C.R.R. § 52.18(5)

As discussed in defendants' prior briefs, the pre-existing condition provision in the Plan and MetLife's group policy (the "Policy") fully complies with New York Insurance Law § 3234(a)(2) in that the exclusion does not apply to participants whose disability begins after they have been covered for 12 months. (See Def. Mem. at 14-17; Def. Opp. Mem.[3] at 3-4.)  The regulations promulgated by the Insurance Department do not change this conclusion.  Section 52.18(5), 11 N.Y.C.R.R., provides that group policies which provide disability income and hospital, surgical and medical benefits "may not exclude, limit or reduce coverage for a loss due to a pre-existing condition for a period greater than 12 months following the effective date of the insured's coverage."

This regulation does not appreciably differ from the statutory language except that it uses the term "coverage for a loss due to a pre-existing condition." The ambiguity in this language that plaintiff seizes on (see Pl. Opp. Mem. at 12-13) is apparently due to its application to health and medical coverage as well as disability coverage.

In <u>Pulvers</u>, the Second Circuit noted that a co-sponsor of the bill in the Assembly "emphasized that the language of § 3234 was 'carefully drafted to recognize the <u>differences</u> between health insurance and disability insurance'." 210 F.3d at 95 (emphasis by Court; citations omitted).  One difference is that a

---

[3] "Def. Opp. Mem." refers to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment.

4

participant who has health insurance coverage maintains that coverage during the 12-month period even if his claim for certain medical benefits is denied because of a pre-existing condition. In contrast, if a participant's disability benefits are denied due to a pre-existing condition, his coverage ends because he is no longer actively at work, which, with certain exceptions not applicable here, is the condition for coverage eligibility. (See Def. Mem. at 13.) Nothing in the statute or regulations requires extending benefits to non-covered individuals. See, e.g., N.Y. Ins. Law § 3234(a)(2) (applies to "covered person"); N.Y. Ins. Law § 3232(b)(same). Thus, the ambiguity in § 52.18 appears to be the unintended consequence of trying to have one regulation apply to both disability and health policies.

Plaintiff mistakenly contends that the language in § 52.18(5) supercedes and cancels the New York Insurance Department's approval of MetLife's policy form incorporating the pre-existing condition provision at issue here. (See Pl. Opp. Mem. at 8-9.) N.Y. Ins. Law § 3217 authorizes the Superintendent of Insurance to issue regulations to establish minimum insurance policy standards. Under § 3217(d),

> When a regulation adopted pursuant to this section <u>so provides</u>, all forms of such policies or contracts which are not in compliance with the regulation shall be deemed to be disapproved for use without any further or additional notice <u>after a date to be specified in such regulation</u>….

(Emphasis added.) However, § 52.18(5) neither <u>provides</u> that policy forms not in compliance are deemed disapproved nor does it <u>specify a date</u> when such

5

disapproval will be effective.  Therefore, the Insurance Department's approval of MetLife's policy form remains effective.

Plaintiff cites Terry v. Unum Life Ins. Co., 394 F.3d 108 (2d Cir. 2005), for the proposition that statutory language controls over less favorable policy language.  (See Pl. Opp. Mem. at 13.)  Terry's holding, however, offers no support for plaintiff since, for reasons already discussed, § 3234(a)(2), as interpreted and enforced by the Second Circuit in Pulvers, is not more favorable to Benesowitz than the Plan provision at issue.  Although the Plan provision is worded somewhat differently from the statute, they are equivalent in substance. See Terry, 394 F.3d at 109 (noting that wording of policy provision may, with approval of superintendent of insurance, differ from statutory language).

Plaintiff mistakenly argues that, if § 3234(a)(2) is ambiguous, the court must enforce plaintiff's interpretation rather than the insurer's.  (See Pl. Opp. Mem. at 17.)  That is patently false, as demonstrated in Pulvers, where the Court noted the statute's apparent ambiguity and enforced the insurer's interpretation. See 210 F.3d at 95.  Plaintiff cites Masella v. Blue Cross & Blue Shield of Conn. Inc., 936 F.2d 98, 107 (2d Cir. 1999), but in that case the Second Circuit, upon de novo review, held that, if a plan provision is ambiguous, the contra proferentem rule of contract interpretation applies.  Contra proferentem has no application to the instant case because the standard of review is arbitrary and capricious not de novo (see Point Four below) and the Plan's pre-existing condition provision is not at all ambiguous.

Finally, plaintiff asserts that an April 30, 2002 Insurance Department Opinion Letter supports his position. (See Pl. Opp. Mem. at 17.) The letter states in pertinent part: "the disability policy may contain an up to twelve-month pre-existing condition waiting period." Such language supports defendants' position in that the Plan and Policy require that a participant must wait twelve months before a pre-existing condition is covered. (See Def. Mem. at 17.)

## POINT THREE

### Enforcement Of Plaintiff's Interpretation Of § 3234(a)(2) Would Lead To Absurd Results, Rendering The Pre-Existing Condition Provision Meaningless

Plaintiff contends that, even though he fell within the Plan's pre-existing condition provision, he should be paid LTD benefits starting in the 13th month after his coverage began. (See Pl. Opp. Mem. at 15-16.) As pointed out in defendants' prior briefs (see Def. Mem. at 13-14, Def. Opp. Mem. at 4-6), such an outcome would lead to absurd results rendering meaningless the pre-existing condition provision and contradicting and invalidating other Plan provisions as well. See Terry, 394 F.3d at 110 (rejecting interpretation of statute and plan which would lead to "absurd results").

The way the Plan works is, when the employee leaves work due to a disability, his coverage ends. (See Affidavit of Michael O'Keefe ("O'Keefe Aff."), Ex. A., ML 289, 290; Affidavit of Laura Sullivan ("Sullivan Aff."), Ex. A, ML 340, 328.)[4] During the six-month "Qualifying" or "Elimination" Period (during which the

---

[4] The O'Keefe and Sullivan Affidavits are appended to defendants' Motion for Summary Judgment.

7

employee receives short-term disability ("STD") benefits), the Plan provides that his LTD coverage continues.[5] (See O'Keefe Aff., Ex. A, ML 281, 292; Sullivan Aff., Ex. A, ML 341.) At the end of the Elimination period, if the participant's claim for benefits is denied under the pre-existing condition provision, his LTD coverage ends since he is no longer actively at work. In Benesowitz's case, his coverage effective date was April 1, 2002. His last day of work was October 9, 2002. He received STD benefits through March 16, 2003. Since his claim for LTD benefits was denied, and he did not return to active work, Benesowitz's LTD coverage ended on March 17, 2003. Therefore, he was no longer covered for LTD benefits on April 1, 2003, when he claims he should have started receiving them.

Not only does Benesowitz's wishful scenario have no logical answer to the gap in coverage (March 17 – March 31, 2003) it necessarily creates, its adoption would render the pre-existing condition provision virtually meaningless. Under his interpretation, Benesowitz (who had only worked at Honeywell for six months before claiming disability) would lose a total of two weeks of LTD benefits. Moreover, if his disability had occurred in the last six months of the 12-month period, he would not lose any benefits at all![6] As defendants pointed out previously (see Def. Opp. Mem. at 5), the purpose of the pre-existing condition provision -- to protect the Plan's financial health by excluding payment of benefits

---

[5] The Plan provides that LTD benefits are payable after the Elimination period, provided the participant has been continuously disabled during that period and is found eligible for LTD benefits. (See O'Keefe Aff., Ex. A, ML 281.)

[6] Plaintiff alleges for the first time that the Plan also violates N.Y. Ins. Law § 3234(a)(1) which requires credit for previous disability insurance coverage. See Pl. Opp. Mem. at 14.) In fact, Benesowitz received credit for coverage under the prior CIGNA policy from April 1, 2002 through May 31, 2002. Therefore, the relevance of such new allegation is not apparent.

for poor risks -- would be entirely perverted by the skewed interpretation Benesowitz proposes.

Therefore, the Court should not adopt Benesowitz's illogical, unreasonable and unworkable interpretation of the Plan's pre-existing condition provision. To do otherwise would be to create havoc in the disability insurance industry and employee benefit plan arena.

## POINT FOUR

### The Plan Reserves Discretionary Authority To Its Claims Administrator MetLife; Therefore, The Arbitrary and Capricious Standard Applies

Plaintiff erroneously claims that the Plan does not reserve discretionary authority to its claims administrator MetLife and that, therefore, the de novo standard of review applies. (See Pl. Opp. Mem. at 2-6.) On the contrary, the Plan's November 2000 Summary Plan Description ("SPD") clearly states:

> The Plan Administrator [Honeywell] may allocate or delegate its responsibilities for the administration of the Plan to others and employ others to carry out or render advice with respect to its responsibility under the Plan, including discretionary authority to interpret and construe the terms and provisions of the Plan, to direct disbursement, and to determine eligibility for Plan benefits. <u>The Plan Administrator has delegated responsibility for claims administration to CIGNA</u>.

(O'Keefe Aff., Ex. A, ML 294) (Emphasis added.) When MetLife succeeded CIGNA as claims administrator in June 2002 -- and there is no dispute that MetLife administered and determined Benesowitz's claim -- it possessed the same discretionary authority as conferred on CIGNA. (See O'Keefe Aff., ¶ 6.) The updated 2005 SPD confirms the reservation of discretionary authority to

9

MetLife.  (Id. Ex. B, ML 479)  Moreover, the Policy expressly grants MetLife, as claims fiduciary, discretionary authority to interpret Plan terms and determine eligibility for Plan benefits.  (Sullivan Aff., ¶ 3, Ex. A, ML 353-54)

The holding in Burke v. Kodak Retirement Income Plan, 336 F.3d 103 (2d Cir. 2003) (see Pl. Opp. Mem. at 4) is inapplicable to this case because there is no conflict between the Policy and the SPD.  Likewise, Allison v. Unum Life Ins. Co., CV 04-0025, 2005 U.S. Dist. LEXIS 3465 (E.D.N.Y. Feb. 11, 2005), which found no grant of discretion to Unum in any plan document, is readily distinguishable because both the SPD and Policy in the instant case confer discretionary authority on MetLife.

Therefore, because MetLife had discretionary authority to interpret Plan terms and determine eligibility for Plan benefits, its claim decision is reviewable under the arbitrary and capricious standard.  (See Def. Mem. at 10-11.) Accordingly, the Court should uphold MetLife's denial of Benesowitz's claim because it was reasonable, supported by substantial evidence, and in accordance with applicable law. (See Def. Mem. at 12-17.)  Even if the de novo standard applies, MetLife's claim decision was correct and proper under the plain language of the Plan's pre-existing condition provision and the undisputed facts of this case.

## CONCLUSION

For the reasons discussed above, and in defendants' prior briefs, the Court should grant defendants' motion for summary judgment.

Dated:   New York, New York
         June 13, 2005

                              Respectfully submitted,

                              LESTER SCHWAB KATZ & DWYER, LLP


                              _____/s/_____
                              Allan M. Marcus (AM-9027)
                              Attorneys for Defendants
                              Metropolitan Life Insurance Company, Plan
                              Administrator of Honeywell Long Term Disability
                              Income Plan and Honeywell Long Term Disability
                              Income Plan
                              120 Broadway
                              New York, New York  10271
                              (212)  964-6611

TO:

Eve-Lynn Gisonni (EG-0758)
Gisonni & Harms, LLP
Attorneys for Plaintiff
20 Crossways Park North
Suite 412
Woodbury, New York 11797
(516) 921-7773