DF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MITCHELL BENESOWITZ,

                Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE
COMPANY, PLAN ADMINISTRATOR of
HONEYWELL LONG TERM DISABILITY
INCOME PLAN and HONEYWELL LONG
TERM DISABILITY INCOME PLAN

                Defendants.
------------------------------------------------------X

04-CV-0805 (TCP) (JO)

**MEMORANDUM
AND
ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 15 2005 ★

LONG ISLAND OFFICE

PLATT, District Judge.

Before the Court are cross motions for summary judgment pursuant to Fed. R. Civ. P. 56. The Court concludes that Defendants' denial of Long Term Disability benefits to Plaintiff was not arbitrary and capricious or in violation of N.Y. Insurance Law 3234(a)(2) and thus grants summary judgment in favor of the Defendants.

## BACKGROUND

This lawsuit involves a claim for long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et. seq. Plaintiff Mitchell Benesowitz ("Benesowitz" or "Plaintiff") suffered kidney failure, became disabled and sued Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife") when it denied him long term disability benefits. At the time of his illness, Benesowitz was employed by Honeywell International

-1-

Incorporated ("Honeywell"). Honeywell provides a Long Term Disability Income Plan (the "Plan" or "Defendant Plan") to its employees which is administered by Defendant MetLife. Neither party contests the facts presented.

Honeywell provides its employees with health and disability insurance under what is known as a "blanket plan."[1] CIGNA originally had discretionary control over the administration of Honeywell's Plan, but MetLife succeeded CIGNA in June of 2002. The Plan offers comprehensive coverage for Honeywell employees and provides payment for salary lost due to sickness or illness and to cover the costs of medical treatment. The Plan contains an exception for disabilities arising from pre-existing conditions.

On April 1, 2002, Benesowitz was hired by Honeywell and became an "active employee" as defined by the insurance agreement, thus making him eligible for benefits.[2] Just over six (6) months later, on October 9, 2002, Benesowitz quit his job at Honeywell due to kidney disease. On December 17, 2002, both of his kidneys were removed. Benesowitz underwent dialysis three (3) times per week until he received a replacement kidney in mid-March of 2003. During that time, Benesowitz received short term disability payments from MetLife for the maximum six (6) month period. Payments ended in April, one month after the transplant. Benesowitz has not received benefits from MetLife since then. Defendants terminated payments because it believed that Benesowitz was not entitled to receive long term disability ("LTD") payments because his

---

[1] "Blanket plans" are not tailored to the individual employees. Instead, Honeywell purchases the disability packages as a unit from CIGNA and in turn offers individual coverage to its employees. Though Benesowitz received his coverage through Honeywell, the coverage was administered by MetLife.

[2] Previous to his employment with Honeywell, Benesowitz was uninsured for at least sixty (60) days.

injury or sickness arose from a "pre-existing condition" and that the disability arose within the first (12) months of Benesowitz coverage by the Plan.

As defined in the Plan, a pre-existing condition is: "any Injury or Sickness for which [the employee] incur[s] expenses [or] receive[s] medical treatment, care, or services including diagnostic measures ... within three months before the ... effective date of ... coverage." (Pl.'s Ex. B) For the first twelve (12) months after the Plan becomes effective for an employee, any disability arising from a pre-existing condition will not trigger payment of LTD benefits as explained by the following clause:

> Benefits will not be paid for any period of Disability caused or contributed to by, or resulting from, a Pre-existing Condition. ... [The Pre-existing Condition limitation] will not apply to a period of Disability that begins after you [the patient] are covered for a least 12 months after the most recent effective date of your coverage.

(Pl.'s Ex. B)

Records of the interaction between MetLife and Benesowitz confirm that Benesowitz had received medical treatment for his kidneys within the three months proceeding his employment at Honeywell. (Defs.' Ex. B) On April 4, 2003, MetLife determined that because Benesowitz had a pre-existing condition he did not qualify for LTD benefits. Benesowitz appealed MetLife's initial determination. MetLife investigated and ultimately upheld its original determination to deny Benesowitz benefits. MetLife submits that his pre-existing condition serves as an absolute bar to his receipt of benefits.

Benesowitz, on the other hand, argues that he is due his LTD benefits because the pre-existing condition clause only serves as a temporary (12 month) block on his LTD benefits.

Benesowitz further opines that MetLife's position violates New York Insurance Law.

**DISCUSSION**

This Order determines: (i) the standard of review to be applied; (ii) that MetLife's policy creates an absolute bar to recovery for LTD caused by a pre-existing condition arising in the first twelve (12) months of coverage; and (iii) that New York Insurance Law § 3234(a)(2) does not conflict with MetLife's policy.

**I.** <u>**Applicable Legal Standards**</u>

    A.    <u>Summary Judgment</u>

Both parties agree that "no genuine issues of material fact exist on the record and that the case is ripe for summary judgment consideration." (Jt. Pre-Trial Order at ¶ 3.) Since, by their own admission, there are no material facts at issue, it is for this Court to determine to whom favorable judgment should be granted as a matter of law. Fed. R. Civ. P. 56(c). <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 255 (1986). The Court may "deny summary judgment ... where there is reason to believe that the better course would be to proceed to a full trial." <u>Id</u>.

    B.    <u>Level of Scrutiny</u>

As an initial matter, Benesowitz argues that the Court should adopt a <u>de novo</u> standard and not the deferential arbitrary and capricious standard of review. ERISA plans, such as this one, may be reviewed under the <u>de novo</u> standard or the "arbitrary and capricious" standard. Where discretionary control has been granted to the Plan administrator, trial courts review the Plan under an "arbitrary and capricious" standard. <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989). Under this deferential standard of review, MetLife's denial of benefits can be overturned "only if [the denial] was [made] without reason, unsupported by substantial

evidence or erroneous as a matter of law." Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995). However, if there are ambiguities in an insurance plan, trial courts can use the de novo standard of review which removes any deference to the Defendants' decisions. Fay v. Oxford Health Plan, 287 F.3d 96, 103 (2d Cir. 2002) (holding that ambiguities in an insurance plan trigger a de novo review with interpretations to be drawn against the insurance company.). Because the pre-existing clause in the Plan is not ambiguous,[3] this Court will apply the arbitrary and capricious standard.

Under the arbitrary and capricious standard, the Defendants have the burden of showing that discretionary authority was properly delegated. Kinster v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 249 (2d Cir. 1999). If the defendant properly shows designation of discretionary control, the Second Circuit suggests that District Courts not re-evaluate the administrator's findings but instead be deferential. Id. The Plan's summary clearly delegates discretionary authority from Honeywell to CIGNA.[4] MetLife, CIGNA's successor, therefore did have discretionary control, affirming this Court's determination that arbitrary and capricious is

---

[3] Both Parties agree that the Plan creates an absolute bar for Benesowitz' recovery claim and thus there is no ambiguity in the Plan. Accordingly, a de novo review would not be proper here.

[4] The relevant language from the Plan summary in effect when Benesowitz joined Honeywell:
The Plan Administrator is Honeywell...
Type of Administration. The Administrator of the Plan shall have the full discresionary authorty and power to control and manage all aspects of the Plan, ... to interpret and construe the terms and provisions of the Plan, to determine questions of fact and law, ... in accordance with the terms of the Plan and all applicable laws. The Plan Administrator may allocate or delegate its responsibilities for the administration of the Plan to others and employ others to carry our or render advice with respect to its responsibilities under the Plan, including discretionary authority to interpret and construe the terms and provisions of the Plan .... The Plan Administrator has delegated responsibility for claims administration to CIGNA.

(Pl.'s Ex. B) (emphasis supplied) The updated version of the summary Plan which uses clearer language to give discretionary control to MetLife. (Defs.' Ex. B)

the proper standard of review.

First, the Court will determine (i) whether MetLife's decision to deny LTD benefits under the Plan was arbitrary and capricious; and (ii) if the denial was nevertheless contrary to New York Insurance Law § 3234, which governs pre-existing condition clauses for disability policies such as this one.

## II. Pre-Existing Condition Clauses

### A. The Pre-Existing Condition Clause in MetLife's Plan

MetLife contends, and Plaintiff agrees, that the current language of the Plan imposes an absolute bar on Plaintiff's recovery of LTD benefits because of his pre-existing condition.

> Benefits will not be paid for any period of Disability caused or contributed to by, or resulting from, a Pre-existing Condition. ... [The Pre-existing Condition limitation] will not apply to a period of Disability that begins after you [the patient] are covered for a least 12 months after the most recent effective date of your coverage.

(Pl.'s Ex. B) The Plan is clear that LTD benefits are not available for the first twelve (12) months of coverage. (Defs' 56.1 Stmt. at ¶ 23) The pre-existing condition clause is a bar to recovery for disabilities caused by a pre-existing condition and arising in the first twelve (12) months of coverage. Under the arbitrary and capricious standard, this Court simply evaluates MetLife's decisions regarding Benesowitz. The record reveals the unpleasant but rather uncomplicated nature of this matter: Benesowitz had a pre-existing condition. Within the first twelve (12) months of his employment at Honeywell he became disabled because of this pre-existing condition. The Plan's language made clear that disabling injuries occurring in the first twelve (12) months of coverage would bar LTD benefit payments by MetLife.

MetLife's decision to deny Benesowitz' application for disability benefits on the ground that his disability began between April 1, 2002 and April 1, 2003 and therefore was excluded from coverage by the Plan's pre-existing condition clause was neither arbitrary nor capricious.

However, as addressed below, Benesowitz contends that MetLife's Plan runs afoul of New York Insurance Law § 3234 and thus would render the Plan's preexisting condition limitation without effect.

### B. Application of New York Law to MetLife's Plan

As a threshold matter, MetLife claims that § 3234 does not apply in the instant case because the policy was issued in Delaware and is subject to Delaware law (which does not include a provision similar to § 3234). Plaintiff, however, correctly asserts that New York law is applicable:

> A group life, group accident, group health, group accident and health or blanket accident and health insurance certificate evidencing insurance coverage for a resident of this state shall be deemed to have been delivered in this state, regardless of the place of actual delivery, unless the insured group is of the type described...."

N.Y. Ins. Law § 3201(b)(1)

The insured group (i.e. Honeywell employees) is not described in any of the exemptions. Moreover, § 1113(a)(3)(i) defines "accident and health insurance" to include disability policies. Thus the Plan does need to conform to New York insurance law.

### C. New York Insurance Law § 3234 Allows Absolute Bars

The Plaintiff argues that § 3234 requires that the Plan be interpreted to create a "waiting period" before benefits can be recovered for disabling illnesses caused by pre-existing conditions

that manifest within the first twelve (12) months of coverage. In opposition, the Defendants argue that § 3234 allows insurance companies to create an "absolute bar" to recovery. This Court concludes that § 3234 does not prohibit insurance companies from creating absolute bars to benefit collection if (i) the LTD arises from a pre-existing condition and (ii) manifests itself within the first twelve (12) months of a claimant's coverage.

The New York State legislature enacted New York Insurance Law § 3234(a)(2) in 1993 to address pre-existing condition clauses in insurance policies. It provides in relevant part:

> (a) Every group or blanket policy issued for delivery in this state which provides benefits by reason of the disability of the insured and which includes a pre-existing condition provision shall contain in substance the following provision or provisions which in the opinion of the superintendent are more favorable to the members of the group.
>
> ...
>
> (2) No pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person.

Plaintiff argues that MetLife's denial of LTD benefits violates § 3234 because it effectively extends the Policy's preexisting condition provision beyond the statutory maximum of twelve (12) months.

However, Plaintiff's argument has already been answered to the contrary by the Second Circuit. In Pulvers, the plaintiff suffered from a pre-existing condition which manifested itself as a disabling illness eleven (11) months into the plan's term.[5] Pulvers v. First UNUM Life Ins., 210 F.3d 89, 96 (2d Cir. 2000). It was not until thirteen (13) months after becoming covered

---

[5] The plan was similar to the instant Plan and included a twelve (12) month exclusion period in which benefits were not to be paid for illnesses arising from pre-existing conditions.

that the plaintiff ceased working as a result of his disability. The Pulvers court held that the denial of LTD benefits to the Plaintiff was not in violation of § 3234 because "nothing in § 3234(a)(2) suggests that a pre-existing condition provision cannot apply in such a case when the medical evidence supports a finding that the disability *actually* began within the statutorily permitted twelve-month period. Id. at 95 (emphasis in original). In effect, therefore, the Pulvers court ruled that the plan's twelve (12) month period served as a complete bar to the claimant's recovery and that this did not conflict with § 3234.

In *dicta*, the Second Circuit discussed whether it might be argued that 3234(a)(2) allows an insurer to exclude coverage for a pre-existing condition for twelve (12) months after the effective date of coverage, but requires the insurer to commence payments from that date forward. However, since the parties in Pulvers had not raised the issue on appeal, the Court declined to affirmatively rule on the issue. Id. at 96.

Here, the Court sees no reason to stray into the thicket of statutory interpretation. Instead, the Court need only follow Pulvers in holding that § 3234 does not extend to parties like Benesowitz whose disability begins during the 12-month period.

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for summary judgment is DENIED and the Defendants' motion for summary judgment is GRANTED.

SO ORDERED.

Thomas C. Platt, U.S.D.J

Dated: Central Islip, NY
September 13, 2005